UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-116 |
| V. ) | |
| ) | (VARLAN/SHIRLEY) |
| DEXTER MIMS, ) | |
| BRODERICK MCNAIR, ) | |
| FRED BENNETT, ) | |
| CHRISTOPHER HUNTER, and ) | |
| LLOYD BONNER, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on February 2, 2009, the scheduled trial date, for a motion hearing on Defendant Mims' Motion to Continue Trial [Doc. 58], Defendant Bennett's Motion to Continue Trial [Doc. 60], Defendant Bonner's Motion to Continue Trial [Doc. 61], and Defendant Hunter's Motion to Adopt Motions to Continue [Doc. 62]. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Samuel K. Lee appeared on behalf of Defendant Mims. Attorney Tracy Jackson Smith represented Defendant McNair. Attorney M. Christopher Coffey represented Defendant Bennett. Attorney Jonathan D. Cooper appeared for Defendant Hunter. Attorney Richard W. Clark, III, represented Defendant Bonner. All of the

1

defendants were present.

All three motions to continue the February 2, 2009 trial date state that the defendants are presently engaged in plea negotiations with the government and seek additional time to try to resolve their cases. Additionally, Defendant Mims motion states that defense counsel has not completed his investigation into all of the facts and circumstances involved in the case. At the hearing, counsel for Defendant Mims stated that he has been working diligently to understand all of the transactions involved in the case and to decipher the jargon used in the numerous recorded telephone calls. He stated that he needed additional time to complete the investigation of this case and to prepare for trial. Counsel for Defendants Bonner, Bennett, and Hunter also agreed that they needed additional time to finish processing the information provided in discovery in this case. Attorney Smith stated that although she did not file a motion to continue on behalf of Defendant McNair, that he did not object to a continuance as he was in a similar situation as his codefendants with regard to plea negotiations. The government did not object to a continuance of the trial. All parties agreed to a new trial date of June 15, 2009, and that all of the time between the hearing and the new trial date was fully excludable under the Speedy Trial Act. The Court addressed each of the defendants, all of whom stated that they understood their right to a speedy trial and that they wanted a continuance in this case.

The Court finds the motions to continue the trial date to be well taken and finds the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The discovery in this case is

voluminous and involves two wiretaps each of which yielded hundreds of recorded telephone conversations. The defendants need time to complete their review of discovery and their investigation of the case. The Court also notes that one or more of the defendants may resolve their case by pleading guilty. These guilty pleas may alter the trial strategy of those defendants proceeding to trial. Finally, the parties will need time to prepare for trial, after reviewing discovery, completing their investigations, and determining who will be left in the case for trial. In light of these findings, the Court determines that the failure to grant a continuance would deprive the parties of the reasonable time necessary to prepare effectively for trial despite their due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that a continuance to June 15, 2009, is necessary for each of the defendants to have continuity of counsel, as this date was the first available for all parties. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to all five of the defendants that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section

3

3161(h)(7):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, the five defendants are charged in the Indictment [Doc. 3], and no motion for severance has been granted. Three of the defendants have moved for a continuance of the trial, and Defendant Hunter has moved to join in these motions. Accordingly, delay attributable to Defendants Mims, Bennett, Bonner, and Hunter is presently excludable as to Defendant McNair as long as it is reasonable. See 18 U.S.C. § 3161(h)(7); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the February 2, 2009 trial date was necessary to give the defendants time to complete their review of discovery and investigation of the case. The Court finds that the three-and-one-half-month delay in trial attributable to the codefendants is reasonable given the amount of discovery involved in this case.

4

The Court finds, and the parties agreed, that all the time between the **February 2, 2009** hearing date and the new trial date of **June 15, 2009**, is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7), & -(8)(A)-(B).

Accordingly, it is ordered:

(1) Defendant Hunter's Motion to Adopt Motions to Continue [**Doc. 62**] is **GRANTED**;

(2) Defendant Mims' Motion to Continue Trial [**Doc. 58**], Defendant Bennett's Motion to Continue Trial [**Doc. 60**], and Defendant Bonner's Motion to Continue Trial [**Doc. 61**], are **GRANTED**;

(3) The trial of this matter is reset to commence on **June 15, 2009**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Court Judge; and

(4) All time between the **February 2, 2009** hearing and the new trial date of **June 15, 2009**, is fully excludable time for speedy trial purposes as set forth above.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge