UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-116 |
| | ) | (VARLAN/SHIRLEY) |
| BRODERICK MCNAIR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Reduction of Sentence [Doc. 137], in which defendant requests that the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in light of the amendments to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010) (the "Fair Sentencing Act"). The United States has responded in opposition [Doc. 138], asserting that neither the Fair Sentencing Act nor the relevant amendments to the Guidelines are retroactive and the Court lacks authority to reduce the defendant's sentence under § 3582(c).

**I.  Background**

On August 12, 2009, the defendant plead guilty and was convicted of conspiracy to distribute and possess with intent to distribute at least fifty grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) [Doc. 75; Doc. 134]. Following a three-level reduction for acceptance of responsibility, the defendant's total

offense level was 27. Given a criminal history category of IV, the defendant's advisory guideline range was 130 to 162 months' imprisonment. On July 15, 2010, the Court sentenced the defendant to 130 months' imprisonment, followed by five (5) years supervised release, a sentence at the bottom of the defendant's advisory guideline range [Doc. 134].

## II. Analysis

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(2) of the United States Code, title 18, provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress has also specified that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u); *see United States v. Dillon*, — U.S. —, —, 130 S.Ct. 2683, 2691 (June 17, 2010) (holding that a district court has authority to modify a sentence under § 3582(c)(2) only where the Commission has decided, pursuant to § 994(u), to make the applicable Guidelines amendment retroactive). The Sentencing Commission did this in U.S.S.G. § 1B1.10(a)(1), which provides, in pertinent part:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement . . . .

U.S.S.G. § 1B1.10(a)(1).

Thus, according to the plain language of § 3582(c)(2) and the Guidelines, the only amendments that may be applied retroactively are those listed in § 1B1.10(c). The amendments implementing the Fair Sentencing Act, found in § 2D1.1(c)(4), are not listed in that provision.

On August 3, 2010, Congress passed the Fair Sentencing Act which amended 21 U.S.C. § 841. The Act had the effect of lowering the statutory penalties for offenses involving crack cocaine by increasing the quantities of crack cocaine that trigger mandatory minimum sentences. *See* 21 U.S.C. § 841. The Court of Appeals for the Sixth Circuit has also recently held that the Fair Sentencing Act does not apply retroactively. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("[T]he Fair Sentencing Act . . . contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [the defendant] committed the crime in question").

The defendant in this case plead guilty and was sentenced prior to the passage of the Fair Sentencing Act and prior to the amendments to the Guidelines implementing that Act. Accordingly, because those amendments are not listed among those which may be applied

retroactively and because the Fair Sentencing Act itself is not retroactive, the Court finds no basis or authority to reduce the defendant's sentence under § 3582(c)(2).

**III.   Conclusion**

For the reasons given above, the defendant's Motion for Reduction of Sentence [Doc. 137] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE