UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:08-CR-116-2 |
| | ) | | (VARLAN/SHIRLEY) |
| BRODERICK MCNAIR, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal action is before the Court on the defendant's Motion to Reconsider [Doc. 140] the Court's order on the defendant's motion for a reduction of his term of imprisonment in light of Chief Judge Curtis L. Collier's opinion in *United States v. Robinson*, — F. Supp. 2d —, 2011 WL 379536 (E.D. Tenn. Feb. 4, 2011). The United States has not filed a response.

On January 14, 2011, the Court denied the defendant's motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and in light of the amendments to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010) (the "FSA") [Doc. 139]. In that order, the Court noted that the defendant pled guilty and was sentenced prior to the passage of the FSA and prior to the amendments to the Guidelines implementing that Act [*Id*., p. 3]. Citing the recent opinion from the United States Court of Appeals for the Sixth Circuit, *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), the Court found that because those amendments

were not listed among those that could be applied retroactively, and because the FSA itself does not state that it is to be applied retroactively, the Court had no basis or authority to reduce the defendant's sentence under § 3582(c)(2) [*Id.*, pp. 3-4]. *Carradine,* 621 F.3d at 580 ("[T]he [FSA] . . . contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question.").

The defendant now asks the Court to reconsider this order in light of *Robinson*, in which Judge Collier held that the FSA applies retroactively to all defendants sentenced after the date of its enactment, regardless of the date of their offense. The defendant acknowledges that he is differently situated than the defendant in *Robinson* because he was sentenced *prior* to the passage of the FSA and the relevant amendments to the Guidelines but argues that he "repeatedly sought to postpone his sentencing hearing in order to allow time for the passage of the [FSA]" and that he "filed a Sentencing Memorandum in which he asked the Court to reject the disparate treatment of offenses involving crack cocaine and offenses involving powder cocaine and then timely field a Notice of Appeal." [Doc. 140, p. 3].

As recognized by the defendant, he is indeed differently situated from the defendant in *Robinson* because Robinson committed his offense prior to the enactment of the FSA and was sentenced *after* its enactment. In contrast, the defendant, similar to Carradine in *Carradine*, committed his offense prior to the enactment of the FSA and was sentenced *prior* to its enactment. 621 F.3d at 580. Accordingly, in light of the defendant's similarity to the

defendant in *Carradine*, the defendant's argument that the Court should reconsider its order in light of *Robinson* is rejected.

The Court also disagrees with the defendant's argument that the Court should reconsider its order because the defendant moved for a continuance of his sentencing hearing due to the impending passage of the FSA and the subsequent passage of that Act. The defendant, however, has offered no cases in support of the proposition that a judge must wait to see the outcome of an ongoing discussion on potential or pending legislation. In contrast, a panel of the Sixth Circuit recently addressed a similar request in which the defendant argued that the district court erred in electing not to continue his sentencing hearing until passage of the FSA. *See United States v. Rodgerick Lamont McMahon*, Slip Opinion No. 09-4044 (6th Cir. May 13, 2011). In *McMahon*, the Sixth Circuit rejected the defendant's argument, noting that "judicial economy would be at great risk should the court postpone proceedings every time a bill relating to the subject matter before the court was pending" and because district courts are not "required to wait to see the outcome of ongoing political debates[.]" *Id.*, p. 5 (citing *United States v. Bonner*, No. 09-2352, 2010 WL 226351, at *3 (3d Cir. Jan 21, 2010)). Given the foregoing, the Court rejects the defendant's argument that his request for a continuance of his sentencing hearing and the ultimate passage of the FSA compels the Court to reconsider its previous order.

As to the defendant's final argument, that he brought up the issue of the disparate treatment of crack cocaine offenses and powder offenses at his sentencing, the law is clear that a district court may consider this disparity and may then reject and vary from the crack

3

cocaine Guidelines pursuant to a policy disagreement with the Guidelines and sentence the defendant after consideration of the 18 U.S.C. § 3553 factors. *See Spears v. United States*, 555 U.S. 261 (2009). In other words, the law does not require or compel the Court to vary from the Guidelines based on the disparity factor. At sentencing, the Court considered the defendant's disparity argument and gave its reasons for declining to categorically disagree and reject the crack cocaine Guidelines applicable to the defendant.

Accordingly, and for the reasons stated above, the defendant's motion for reconsideration [Doc. 140] is hereby **DENIED**.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE