UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-116-TAV-CCS-2 |
| | ) | |
| BRODERICK McNAIR, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This criminal case is before the Court on the Defendant's Second Motion to Reduce Sentence [Doc. 148]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the Fair Sentencing Act of 2010 ("FSA") and reduced the base offense level for most offenses involving crack cocaine. Accordingly, the defendant seeks a reduction in his sentence. The government has responded [Doc. 152], submitting that the defendant is correct that Amendment 750, effective November 1, 2011, reduces the defendant's applicable Guidelines range, making the defendant eligible for a ten-month reduction in sentence. The government defers to the Court's discretion whether and to what extent to grant such a reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Notably, the government argues that the defendant is not entitled to a further reduction under § 3582(c) based upon *Dorsey v. United States*, 132 S. Ct. 2321 (2012), or *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *rev'd en banc*, — F.3d —, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). The

defendant replies that these cases stand for the proposition that the pre-FSA statutory mandatory minimum sentence should not apply to the defendant's sentence, thereby making the defendant eligible for a reduction in excess of ten months [Doc. 153].

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

2

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . .
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the

3

provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

II.    Analysis

The defendant pleaded guilty and was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) ("Count One") [Doc. 134 p. 1]. At the time of sentencing, the defendant was held responsible for at least 50 but less than 150 grams of crack cocaine [Presentence Investigation Report ("PSR") ¶ 16]. Given the amount of drugs for which he was held responsible, the defendant's base offense level was 30, and following a three-level reduction for acceptance of responsibility, his total offense level was 27 [*Id.* ¶¶ 22–23]. Based upon a total offense level of 27 and a criminal history

4

category of VI, the defendant's applicable Guidelines range for Count One was 130 to 162 months' imprisonment [*Id.* ¶ 86]. Notably, he was also subject to a statutory mandatory minimum sentence of 120 months' imprisonment for Count One [*Id.* ¶ 85].

The defendant was sentenced on May 21, 2009, to 130 months' imprisonment for Count One [Doc. 134 p. 2]. According to the government, the defendant is presently scheduled for release on January 11, 2019 [Doc. 152 p. 3].

Both the defendant and the government agree that the defendant's initial Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011, and thus, the defendant's Guidelines range is affected by Amendment 750 [*Id.* at 3–4; Doc. 148 p. 3]. Pursuant to Amendment 750, assuming that the defendant is held responsible for fifty grams of crack cocaine—resulting in a new base offense level of 26 and total offense level of 23 following the three-level reduction for acceptance of responsibility—his Guidelines range, without taking into account any statutory mandatory minimums, would be 92 to 115 months' imprisonment [Doc. 148 pp. 8–9]. As both parties point out, the defendant's new Guidelines range depends on the exact quantity of drugs for which the defendant is deemed responsible within the quantity range to which he pled guilty, which was at least 50 but less than 150 grams [Doc. 148 p. 9; Doc. 152 p. 3]. For example, if the defendant was held responsible for 149 grams, his Guidelines range, without taking into account any statutory mandatory minimums, would be 110 to 137 months' imprisonment [Doc. 148 p. 9 n.1; Doc. 152 p. 4]. Yet, given the Court's subsequent determination as to the extent of § 3582(c) relief, this issue is moot

5

because, in light of the applicable statutory mandatory minimum sentence, 120 months' imprisonment marks the bottom of the defendant's Guidelines range whether the drug quantity is 50 grams or 149.99 grams.

At his sentencing, the defendant was subject to a statutory mandatory minimum sentence of 120 months' imprisonment [*Id.* at 18]. The defendant argues that in light of recent Supreme Court and Sixth Circuit decisions, namely the aforementioned *Dorsey* and *Blewett* cases, the FSA's reduced statutory mandatory minimum sentence of 60 months' imprisonment applies retroactively to the defendant's case, while the government argues that § 3582(c) permits sentence reductions only pursuant to Guidelines amendments, not Supreme Court decisions or statutory changes. In the government's view, therefore, the defendant's restricted Guidelines range is now either 120 months' imprisonment or 120 to 137 months' imprisonment, depending on the defendant's drug quantity, as § 3582(c) is not a vehicle for relief from the pre-FSA mandatory minimum sentence [Doc. 152 p. 4]. Even if the government is correct, because both Guidelines ranges are lower than the range previously applicable to the defendant, the Court finds that the defendant is eligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statements.

First, however, the Court must determine the defendant's Guidelines range following the application of Amendment 750, and more specifically, whether § 3582(c) permits sentence reductions based upon court decisions or statutory changes.

To the extent that the defendant relies upon *Dorsey v. United States*, 132 S. Ct. 2321 (2012), for relief, § 3582(c) permits sentence reductions only pursuant to Guidelines amendments, not Supreme Court decisions or statutory changes, so the Court cannot afford the defendant relief from the statutory mandatory minimum applied at sentencing under this framework. *See United States v. Downs*, 487 F. App'x 286, 287 (6th Cir. 2012) ("A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines."); *United States v. Erazo*, No. 3:08-cr-70, 2012 WL 4442528, at *3 (E.D. Tenn. Sept. 25, 2012) (recognizing that "*Dorsey* does not provide any independent basis to grant relief under 18 U.S.C. § 3582(c). . . . [T]hat statute authorizes reductions based upon retroactive Guidelines amendments, . . . [and] *Dorsey* is not a Guidelines amendment, but a Supreme Court decision."). Accordingly, § 3582(c) does not permit the Court to reduce the defendant's sentence below the statutory mandatory minimum of 120 months' imprisonment.

The defendant also seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

7

The government petitioned the Court of Appeals for a rehearing en banc. The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.* Therefore, *Blewett* no longer supports the defendant's motion for a sentence reduction.

As a result, the defendant's post-Amendment 750 Guidelines range is either 120 months' imprisonment or 120 to 137 months' imprisonment, depending on drug quantity.

In determining whether and to what extent the defendant's sentence may be reduced, the Court has considered § 3582(c)(2), § 1B1.10, and the relevant § 3553 factors. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offense—a drug offense—and the defendant's history and characteristics. As reflected in the Presentence Report, the defendant related that he began using marijuana on a daily basis when he was sixteen to eighteen years old and has also used hydrocodone, Xanax, and ecstasy in the past [PSR ¶ 76]. The defendant admitted to using marijuana two days before his guilty plea in this case [*Id.*].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the

8

defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii).

Amendment 750 addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's initial sentencing and ultimately determined that a sentence at the bottom of the applicable Guidelines range was appropriate. A similar revised sentence, given either of the two possible Guidelines ranges for Count One, would be a sentence of 120 months' imprisonment.

The government notes that it "defers to the Court's discretion whether and to what extent to reduce defendant's sentence pursuant to Amendment 750" [Doc. 152 p. 7].

Accordingly, after considering the § 1B1.10 and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public

safety, the nature and circumstances of his offenses, the defendant's personal characteristics, his criminal history, and his post-sentencing conduct. In regard to this post-sentencing conduct, records submitted by the defendant indicate that while incarcerated, the defendant has completed GED-related courses, a drug treatment course, and a variety of other educational and rehabilitative courses. Additionally, the defendant submits a letter of support from a prison educator attesting to his work ethic, growth, and development while incarcerated.

In light of the foregoing, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Thus, because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence for Count One to a term of 120 months' imprisonment. This reduction in sentence shall take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations. While it does not appear that the defendant is eligible for immediate release, the Bureau of Prisons will credit the defendant with the appropriate time.

## I. Conclusion

Accordingly, for the reasons stated herein, the Defendant's Second Motion to Reduce Sentence [Doc. 148] is **GRANTED in part and DENIED in part**, and the defendant's sentence is **REDUCED** to **120 months' imprisonment for Count One, such reduction to take effect ten (10) days from the entry of this order** to allow the

BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE