UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRODERICK MCNAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:08-CR-116-TAV-CCS-2 |
| | ) | 3:13-CV-355-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner Broderick McNair ("Petitioner"), by and through counsel, originally filed a Motion For Reduction of Sentence [Doc. 137] pursuant to the Fair Sentencing Act of 2010 ("FSA") and Amendment 750. The Court denied that motion holding that neither the FSA nor the Guideline Amendments applied retroactively [Doc. 139], and similarly denied the Motion on Reconsideration [Doc. 141].

Subsequently, the United States Sentencing Commission made Amendment 750 retroactive (effective November 1, 2011, USSG Manual App. C (2011)). Similarly and subsequently, the United States Supreme Court ruled the FSA applied retroactively in certain situations. *Dorsey v. United States*, 1325 S. Ct. 2321 (June 21, 2012).

Petitioner, by and through counsel, then filed both a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 154] and a Second Motion to Reduce Sentence [Doc. 148], both requesting that the Court resentence him consistent with the FSA. In his Memorandums in support of both the § 2255 Motion and in support his Second Motion to Reduce Sentence [Doc. 155], he indicates he is moving to reduce his sentence "pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. §§ 1B1.10 and 2D1.1(c)" and that he seeks the same relief "in the

alternative" under 28 U.S.C. § 2255 [Doc. 148 p. 13; Doc. 155 p. 8]. The only relief sought in the § 2255 Motion was resentencing and sentence reduction.

In the Memorandum, Petitioner notes his alternative relief request under § 2255 is only raised if the Court can't or won't reduce his sentence under 18 U.S.C. § 3582(c). He specifically notes that he requests "this Court to decide the merits of his § 2255 Motion only if necessary and if not necessary, to dismiss the § 2255 Motion as Moot to preserve his rights under the statute and prevent limitation on second or successive motions in the future" [Doc. 155 p. 8].

Subsequently, the Court did reduce Petitioner's sentence [Doc. 159] pursuant to 18 U.S.C. § 3582 and the Sentencing Guidelines [Doc. 159 pp. 6–7, 10]. As such, Petitioner has received the relief requested in both Motions and therefore, as stated by Petitioner, it does not appear necessary to decide the merits of Petitioner's § 2255 Motion. Accordingly, Petitioner's Motion [Doc. 154] will be **DENIED AS MOOT**. The Clerk of Court will be **DIRECTED** to **CLOSE** the civil case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE